UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>MARTIN ADRIAN RUIZ, RAM FUND, LP, and CARTER BAIN WEALTH MANAGEMENT, LLC,<br><br>Defendants, and<br><br>ROTHSCHILD MAGNUS FUND, LP, ISG CAPITAL LLC, and MISTER FARMS, LLC,<br><br>Relief Defendants | 19 Civ.          (    )<br>ECF CASE<br><br>**FILED UNDER SEAL**<br><br>**DECLARATION OF GREGORY A. KASPER UNDER LOCAL CIVIL RULE 6.1(d) AND RULE 65(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

I, Gregory A. Kasper, declare under Local Civil Rule 6.1(d) and Federal Rule of Civil Procedure 65(b)(1)(B), under penalty of perjury in accordance with 28 U.S.C. § 1746, and in support of the Emergency *Ex Parte* Motion and Memorandum of Law for Temporary Restraining Order, Asset Freeze and Other Relief ("TRO Motion") filed by the Securities and Exchange Commission (the "SEC").

1. The purpose of this declaration is to advise the Court that the SEC has not given notice of the TRO Motion and accompanying filings to Defendants Martin Adrian Ruiz ("Ruiz"), RAM Fund LP ("RAM"), and Carter Bain Wealth Management, LLC ("CBWM") (collectively, "Defendants") and Relief Defendants Rothschild Magnus Fund, L.P. ("RMF"), ISG Capital, LLC ("ISG"), and Mister Farms, LLC ("Farms") (collectively, "Relief Defendants"), and explain why there are good and sufficient reasons for the Court to not require the SEC to provide such advance notice to Defendants and Relief Defendants. In short, the SEC is seeking to preserve the

status quo through the entry of an asset freeze and there is good cause to believe that if the Defendants and Relief Defendants become aware of this action prior to the effectuation of that asset freeze that assets will be dissipated or otherwise removed from the jurisdiction of the Court.

2. This certification is based upon the specific facts contained in the TRO Motion and the declarations and other documents submitted in support, which show that the SEC is filing this emergency action to stop an on-going and multi-year fraud that Defendant Ruiz operated by advising individuals, many of whom were elderly clients of his investment advisory firm, CBWM, to invest in RAM.

3. As further described in the TRO Motion and the supporting declarations and other documents submitted in support, the evidence establishes that the fraudulent scheme is ongoing and presents an ongoing risk to investors' funds. While there is evidence that the fraud started in 2011, bank records received by the SEC to date reflect that since 2014, Ruiz, through RAM and CBWM, solicited investors and raised approximately $10.6 million from at least 56 investors.

4. As further described in the TRO Motion and the supporting declarations and other documents submitted in support, the evidence establishes that Ruiz told investors that RAM would use their funds to acquire real estate and make commercial loans; and omitted to state that he would in fact misappropriate millions of dollars in investor funds for his personal benefit and use another $1.4 million to make Ponzi-like payments to other investors. Ruiz's personal benefit expenditures included (1) withdrawing over $1.5 million in cash; (2) paying over $3 million in credit card bills; (3) sending nearly $1.3 million to Ruiz's farming business, Mister Farms; (4) paying over $300,000 for his leased residence in Manhattan; (5) using at least $248,000 for a down payment and mortgage payments on a residence in Santa Fe, New Mexico; and (6) using nearly $157,000 for student loan payments and other school-related expenses.

5. As of the date of this filing, Defendants and Relief Defendants are unaware that the SEC has filed this lawsuit and is seeking an asset freeze order, though, as noted above, they are aware of the SEC's investigation. However, once Defendants and Relief Defendants become aware that they have been sued by the SEC, there is risk that they will dissipate their assets or take other steps to frustrate collection.

6. Due to the gravity and breadth of Ruiz's fraudulent conduct, which is ongoing, there is a serious risk that, absent the requested *ex parte* emergency relief. Defendants and Relief Defendants will dissipate, conceal, or remove assets from the Court's jurisdiction that would otherwise be used to satisfy a judgment of disgorgement and civil penalty and, ultimately, returned to the defrauded investors.

7. Specifically, the SEC seeks to freeze assets, funds, or other property up to the amount of **$19,775,945.54** (an amount equal to disgorgement plus a civil penalty equal to gross pecuniary gain), wherever located, in order to preserve the SEC's ability to collect disgorgement and civil monetary penalties.

8. For the reasons discussed above, the SEC submits that its emergency application for an order to show cause, for an asset freeze, and other relief should be granted *ex parte* without notice.

July 29, 2021

Respectfully submitted,

By: _____
GREGORY A. KASPER
kasperg@sec.gov
STEPHEN C. MCKENNA (*pro hac vice* application forthcoming)
mckennas@sec.gov
KENNETH E. STALZER (*pro hac vice* application forthcoming)
stalzerk@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000