UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>MARTIN ADRIAN RUIZ, RAM FUND, LP, and CARTER BAIN WEALTH MANAGEMENT, LLC,<br><br>Defendants, and<br><br>ROTHSCHILD MAGNUS FUND, LP, ISG CAPITAL LLC, and MISTER FARMS, LLC,<br><br>Relief Defendants | **21 Civ.        (      )**<br>**ECF CASE**<br><br>**FILED UNDER SEAL**<br>**[PROPOSED] TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND PROVIDING FOR OTHER ANCILLARY RELIEF, AND ORDER SETTING PRELIMINARY INJUNCTION HEARING** |

On July 29, 2021, Plaintiff United States Securities and Exchange Commission (the "SEC" or "Commission") filed an emergency motion for an *ex parte* order: (1) freezing funds and other assets of defendants Martin Adrian Ruiz ("Ruiz"), RAM Fund, LP ("RAM"), and Carter Bain Wealth Management, LLC ("CBWM") (collectively, the "Defendants") and relief defendants Rothschild Magnus Fund, LP ("RMF"), ISG Capital LLC ("ISG"), and Mister Farms, LLC ("Mister Farms) (collectively, the "Relief Defendants"); (2) enjoining Defendants Ruiz, RAM, and CBWM from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and enjoining Ruiz and CBWM from future violations of Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)]; (3) imposing

a conduct-based injunction against Ruiz, detailed below, to restrain him from further misappropriation of investor funds; (4) prohibiting the destruction or alteration of documents; (5) requiring Defendants and Relief Defendants to provide an accounting; (6) providing for expedited discovery; (7) providing for alternative service by the SEC; and (8) setting this matter for a preliminary injunction hearing.

The Court has considered the entire record of this case, including: the Complaint; the Commission's Memorandum of Law in Support of its Motion for an *Ex Parte* Emergency Application for an Order to Show Cause, for an Asset Freeze, and for other Relief, the Declarations of J. Lee Robinson, Donna Walker, Robert Velez, and James Waugh, with attached exhibits; and the Certification under Federal Rule of Civil Procedure 65(b).

**Based on this record, the Court finds:**

1.      The Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.

2.      The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)] by establishing:

   a.      For purposes of freezing assets, a likelihood of success on the merits or that an inference can be drawn that the party has violated the federal securities laws;

   b.      For purposes of a temporary restraining order, a *prima facie* case for each of the violations in the Complaint and a likelihood that the SEC will prevail at trial on the merits and that the Defendants Ruiz, RAM, and CBWM, and each of them, directly or

2

indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and that Ruiz and CBWM, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 206(1) and (2) of the Advisers Act;

c.      There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendant Ruiz may solicit or misappropriate additional funds from investors. Accordingly, an order freezing the Defendants' and Relief Defendants' assets, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and Advisers Act violations, as well as civil penalties;

d.      There is good cause to believe that Defendant Ruiz, who maintains control of significant investor assets at CBWM, should further be restrained from (1) participating in the issuance, purchase, offer, or sale of any security (other than for his own personal account); (2) exercising any discretionary authority with respect to any account in the name of any person or entity other than himself; and (3) causing any assets or funds in any account in the name of any person or entity other than himself to be

withdrawn, transferred, pledged, or encumbered;

      e.     There is good cause to believe that an immediate accounting is necessary to identify the location of additional assets subject to an asset freeze;

      f.     There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this action;

      g.     There is good cause to believe that expedited discovery and alternative means of service are warranted;

      h.     Under Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued *ex parte*. This Court finds that the SEC has made a *prima facie* showing that Defendants have engaged in deceptive conduct in order to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the purchase or sale or the offer or sale of securities; and

      i.     To avoid irreparable harm, it is appropriate for the Court to issue this Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendants and Relief Defendants can be made, thus preventing the dissipation of investor funds.

**Now, therefore,**

## I.

**IT IS HEREBY ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

A.      Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 17(a)(1) and (3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(1) and (3)], in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

(1) employing any device, scheme, or artifice to defraud; or

(3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser.

B.      Defendants Ruiz and RAM, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 17(a)(2) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(2)], in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading

C.      Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Section 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], in connection with the purchase or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:

> (1) employing any device, scheme, or artifice to defraud; or

> (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

> (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

D.      Defendants Ruiz and CBWM, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in violation of Sections 206(1) and 206(2) of the Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of the mails or by any means or instrumentality of interstate commerce:

> (1) employing any device, scheme, or artifice to defraud any client or prospective client; or

6

(2) engaging in any transaction, practice, or course of business which operates as fraud or deceit upon any client or prospective client.

## II.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze and the conduct-based injunction requested therein, Defendant Ruiz is prohibited from: (1) directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Ruiz from purchasing or selling securities for his own personal account; (2) directly or indirectly, exercising any discretionary authority granted to him, or to any entity owned or controlled by him (including, but not limited to, CBWM), with respect to any account in the name of any person or entity other than himself; and (3) directly or indirectly, including, but not limited to, through any entity owned or controlled by him (including, but not limited to, CBWM), causing any assets or funds in any account in the name of any person or entity other than himself to be withdrawn, transferred, pledged, or encumbered.

## III.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein:

A.       **$19,775,945.54** of assets, funds, or other property held by or under the direct or indirect control of Defendants or Relief Defendants, whether held in any of their names or for their direct or indirect beneficial interests, wherever located or by whomever held, and whether acquired before or after the institution of this action, are frozen (with allowance for necessary

and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard), including but not limited to all assets, funds, or other property held by or under the direct or indirect control of Defendants or Relief Defendants located in the following accounts ("Defendants' and Relief Defendants' Accounts"):

| Account Location | Account Number |
|---|---|
| Citibank, N.A. | XXXXXX4491 |
| Citibank, N.A. | XXXX99407 |
| J.P. Morgan Chase Bank, N.A. | XXXX16739 |
| J.P. Morgan Chase Bank, N.A. | XXXXXX0251 |
| Bank of the West | XXXXX4545 |

Provided, however, that the asset freeze shall **NOT** apply to the investor funds – provided such investors are not Defendants' or Relief Defendants' – held by or for the benefit of investment advisory clients at CBWM.

       B.      Defendants, Relief Defendants, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including Defendants' and Relief Defendants' Accounts, as defined above, up to the amounts identified in paragraph I.A.

8

C.      Any bank, financial or brokerage institution, or other person or entity holding any funds, securities or other assets of Defendants or Relief Defendants, up to the amounts identified in paragraph I.A, held in the name of, for the benefit of, or under the control of Defendants, Relief Defendants, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, including but not limited to assets held in Defendants' Accounts, as defined above.

D.      No person or entity, including Defendants and Relief Defendants, or any creditor or claimant against the Defendants or Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E.      The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which Defendants or Relief Defendants have an interest. Should the Defendant or Relief Defendants wish to sell any piece of real property in which they have an interest, they shall give counsel for the SEC notice of the proposed sale and seek and obtain an order of the Court permitting the sale prior to the sale. Defendants and Relief Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen under the provisions of this Order; and Defendants and Relief Defendants are hereby

9

prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following property:

> Las Campanas Estates 1, Lot 98, Santa Fe County
> 11 Clove Court
> Santa Fe, NM 87506

## IV.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's request for a preliminary injunction and the implementation of the asset freeze requested therein, Defendants, Relief Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control of the Defendants, Relief Defendants, or any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## V.

**IT IS HEREBY FURTHER ORDERED** that Defendants and Relief Defendants, and each of their successor corporations, subsidiaries, and affiliates, shall within **five business days** of service of this Order, each file with the Court, and serve on the Commission at the address of

its counsel of record, a sworn accounting of:

A.      Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendants, Relief Defendants, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

B.      All investments, securities, funds, real estate, and other assets held in the names of Defendants, Relief Defendants, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets; and

C.      Every transaction in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from Defendant RAM since January 1, 2011.

D.      Every transaction exceeding $3,000 in value in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from Defendant Ruiz since January 1, 2011.

## VI.

**IT IS HEREBY FURTHER ORDERED** that the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.      Under Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on **_three days'_** notice of any such deposition.  Depositions

may be taken telephonically.  As to Defendants Ruiz, CBWM, and RAM, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and  underwriters, the Commission  may depose such witnesses after serving a deposition  notice  by  facsimile, e-mail, mail, hand or overnight  courier  upon  such Defendant and  without  serving  a subpoena on such witness. Depositions  that have not been signed by the witness may be used for purposes of the hearing on the Commission's  motion  for a preliminary injunction;

B.      Under Rule 33(a) of the Federal Rules of Civil  Procedure, the parties shall answer interrogatories within **<u>three days</u>** of service of such interrogatories.  Interrogatories  may be served and answered by facsimile, e-mail, mail, hand or overnight  courier  upon the parties or their counsel;

C.      Pursuant to requests under Rule 34(b) of the Federal Rules of Civil  Procedure, the parties shall produce all documents requested within **<u>three days</u>** of service of such request. Documents produced to the Commission  shall be delivered to Stephen C. McKenna by email at McKennas@sec.gov and by overnight  delivery  to Stephen C. McKenna at Securities  and Exchange Commission,  1961 Stout St., Suite  1700, Denver, CO 80294,  phone  number (303) 844-1041,  or such other place as counsel for the SEC may direct in writing.  Requests for production  may be served by facsimile, e-mail, mail, hand or overnight  courier  upon the parties or their counsel; and

D.      Under Rule 36(a) of the Federal Rules of Civil  Procedure, the parties shall respond to requests for admissions  within **<u>three days</u>** of such requests. Requests for admission may be served by facsimile,  e-mail,  mail,  hand or overnight  courier  upon the parties or their

counsel; and

     E.     All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to Stephen C. McKenna by email at mckennas@sec.gov and by overnight delivery to Stephen C. McKenna at Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1036, or such other place as counsel for the SEC may direct in writing; and

     F.     In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena Under Rule 45.

     Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## VII.

     **IT IS HEREBY FURTHER ORDERED** that service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication. If alternative service is made, the Commission must thereafter effect formal service in compliance with Federal Rule of Civil Procedure 5.

## VIII.

     **IT IS HEREBY FURTHER ORDERED** that Defendants show cause, if there be any, to this Court at _____ __.m. on the _____ day of _____, 2021, in Room _____ of

the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter a preliminary injunction extending the asset freeze and other ancillary relief entered in this Order until final adjudication of this case on the merits.

## IX.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _____ __, 2021, at 5:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to Stephen C. McKenna, Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1036, email mckennas@sec.gov, or such other place as counsel for the SEC may direct in writing. The SEC shall have until _____ __, 2021, at 5:00 p.m. to serve, by the most expeditious means available, any reply papers upon the Defendants, or their counsel, if counsel shall have made an appearance in this action.

## X.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.


_____
UNITED STATES DISTRICT JUDGE

Issued at : _____:_____ __.m.

_____ __, 2021
New York, New York


14