UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>MARTIN ADRIAN RUIZ, RAM FUND, LP, and CARTER BAIN WEALTH MANAGEMENT, LLC,<br><br>Defendants, and<br><br>ROTHSCHILD MAGNUS FUND, LP, ISG CAPITAL LLC, and MISTER FARMS, LLC,<br><br>Relief Defendants | 21-cv-6622 (LJL)<br>ECF CASE<br><br>PRELIMINARY INJUNCTION ORDER AS TO NON-APPEARING RELIEF DEFENDANTS |

This matter is before the Court on the Show Cause Hearing held on September 13, 2021 at 4:00 p.m. as ordered in the August 20, 2021 Order Extending Temporary Restraining Order (ECF No. 39.)

On August 6, 2021, Plaintiff, United States Securities and Exchange Commission ("SEC") filed an emergency motion for an *ex parte* order: (1) freezing funds and other assets of defendants Martin Adrian Ruiz ("Ruiz"), RAM Fund, LP ("RAM"), and Carter Bain Wealth Management, LLC ("CBWM") (collectively "Defendants") and Relief Defendants Rothschild Magnus Fund, LP ("RMF"), ISG Capital LLC ("ISG"), and Mister Farms, LLC ("Mister Farms) (collectively "Relief Defendants"); (2) enjoining Defendants Ruiz, RAM, and CBWM from future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and enjoining Ruiz and CBWM

1

from future violations of Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)]; (3) imposing a conduct-based injunction against Ruiz, detailed below, to restrain him from further misappropriation of investor funds; (4) prohibiting the destruction or alteration of documents; (5) requiring Defendants and Relief Defendants to provide an accounting; (6) providing for expedited discovery; (7) providing for alternative service by the SEC; and (8) setting this matter for a preliminary injunction hearing.

The Court granted that request for a Temporary Restraining Order ("TRO") on August 9, 2021 (ECF No. 37) and set the hearing on the SEC's application for a Preliminary Injunction for August 20, 2021. The Court also retained jurisdiction of this case for all purposes.

At the August 20, 2021 hearing, Ruiz, CBWM, and Mister Farms appeared by Shustak Reynolds & Partners, P.C. ("SRP") and stipulated to an extension of the TRO. By agreement between the SEC and SRP, the Court adjourned the hearing on the PI until Monday, September 13, 2021, at 4:00 pm Eastern time. Following the August 20, 2021 hearing, SRP entered a Notice of Appearance on behalf of Ruiz, CBWM, Mister Farms, and RAM ("Appearing Defendants"). No appearance has been made by counsel on behalf of ISG or RMF ("Non-Appearing Relief Defendants").

On September 10, the SEC and the Appearing Defendants filed a Stipulation and Order Regarding Preliminary Injunction for entry of preliminary injunctions, asset freeze, and other relief whereby Appearing Defendants stipulated and agreed to the extension of the injunctions and asset freeze in the TRO until further order of the Court or a final disposition of this action against them.

At the show cause hearing held on September 13, 2021, the Non-Appearing Relief Defendants did not appear to show cause why the relief granted against them in the TRO should not continue until a final adjudication of this case on the merits.

Based on the record of this case and that the Non-Appearing Relief Defendants did not show cause at the September 13, 2021 Show Cause Hearing, the Court finds:

1. The Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)] by establishing for purposes of its request for a preliminary injunction:

   a. For purposes of freezing assets, a likelihood of success on the merits or that an inference can be drawn that the Defendants and Relief Defendants have violated the federal securities laws;

   b. For purposes of a preliminary injunction, a *prima facie* case for each of the violations in the Complaint and a likelihood that the SEC will prevail at trial on the merits and that the Defendants Ruiz, RAM, and CBWM, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and that Ruiz and CBWM, and each of them, directly or indirectly, have engaged in and, unless restrained

3

      and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 206(1) and (2) of the Advisers Act;

  c. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendant Ruiz may solicit or misappropriate additional funds from investors. Accordingly, an order freezing the Defendants' and Relief Defendants' assets, as specified herein, is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and Advisers Act violations, as well as civil penalties;

  d. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this action;

**Now, therefore,**

## I.

**IT IS HEREBY ORDERED** that, pending further action by this Court or a final disposition of this action against them:

  A.   **$19,775,945.54** of assets, funds, or other property held by or under the direct or indirect control of the Non-Appearing Relief Defendants, whether held in any of their names or

4

for their direct or indirect beneficial interests, wherever located or by whomever held, and whether acquired before or after the institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard), including but not limited to all assets, funds, or other property held by or under the direct or indirect control of the Non-Appearing Relief Defendants located in the following accounts:

| Account Location | Account Number |
| --- | --- |
| Bank of America | X0321 |
| Bank of America | X1839 |

Provided, however, that the asset freeze shall **NOT** apply to the investor funds – provided such investors are not Defendants' or Relief Defendants' – held by or for the benefit of investment advisory clients at CBWM.

B. Non-Appearing Relief Defendants and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including Non-Appearing Relief Defendants' accounts, as defined above, up to the amounts identified in paragraph I.A.

C. Any bank, financial or brokerage institution, or other person or entity holding

any funds, securities or other assets of Non-Appearing Relief Defendants, up to the amounts identified in paragraph I.A, held in the name of, for the benefit of, or under the control of Non-Appearing Relief Defendants, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, including but not limited to assets held in Non-Appearing Relief Defendants' accounts, as identified above.

      D.     No person or entity, including Non-Appearing Relief Defendants, or any creditor or claimant against the Non-Appearing Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

      E.     The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which Non-Appearing Relief Defendants have an interest. Should the Non-Appearing Relief Defendants wish to sell any piece of real property in which they have an interest, they shall give counsel for the SEC notice of the proposed sale and seek and obtain an order of the Court permitting the sale prior to the sale. Non-Appearing Relief Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen under the provisions of this Order; and Non-Appearing Relief Defendants are hereby

6

prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following property:

> Las Campanas Estates 1, Lot 98, Santa Fe County
> 11 Clove Court
> Santa Fe, NM 87506

F.	Copies of this Order may be served by any means, including facsimile, email, and overnight courier, upon any entity or person that may have possession, custody, or control of any assets of Non-Appearing Relief Defendants that may be subject to any provision of this Order.

## II.

**IT IS FURTHER ORDERED** that, pending further action by this Court or a final disposition of this action against them, Non-Appearing Relief Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control of the Non-Appearing Relief Defendants, or any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Non-Appearing Relief Defendants' assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated: September 13, 2021

_____
Lewis J. Liman
United States District Judge