UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES SECURITIES AND EXCHANGE :
COMMISSION, :
:
                     Plaintiff, :      21-cv-6622 (LJL)
:
        -v- :      ORDER
:
MARTIN ADRIAN RUIZ, RAM FUND, LP, and :
CARTER BAIN WEALTH MANAGEMENT, LLC, :
:
                  Defendants, and :
:
ROTHSCHILD MAGNUS FUND, LP, ISG CAPITAL :
LLC, and MISTER FARMS, LLC, :
:
                  Relief Defendants :
:
-----------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 9/23/2021

LEWIS J. LIMAN, United States District Judge:

      The Court has received the attached letter from Mr. Ruiz's criminal counsel who has not entered an appearance. The SEC has filed a letter response on the public docket. The remaining parties are invited to respond to the letter, including whether the letter from a lawyer who has not appeared is properly cognizable in this case, by the end of the day on September 24, 2021.

      SO ORDERED.

Dated: September 23, 2021
       New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge

**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 22, 2021

**VIA EMAIL**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
LimanNYSDChambers@nysd.uscourts.gov

**Re:   Securities and Exchange Commission v. Ruiz**
         **21 Cv. 6622 (LJL)**

Dear Judge Liman,

I represent Martin Ruiz, the defendant in the above-captioned case (the "SEC case"), in the parallel criminal proceeding, United States v. Martin Ruiz, 21 Mag. 7926, currently pending in the Southern District of New York (the "criminal case"). In the criminal case, Mr. Ruiz was found eligible for court-appointed counsel and Federal Defenders of New York was appointed to represent him. See 21 Mag. 7926, Dkt. No. 5. A criminal complaint was filed against Mr. Ruiz on August 12, 2021 and a continuance of the indictment deadline has been granted until October 13, 2021. Id. at Dkt. Nos. 3, 7.

I do not represent Mr. Ruiz in the SEC case, but I write on his behalf to ask the Court to stay the SEC case pending the resolution of the criminal proceeding. The SEC, by Kenneth Stalzer, Esq., opposes this request.

A district court has the inherent discretion to stay a civil action in the interests of justice until the related criminal proceeding is resolved. See, e.g., Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (citing SEC v. Dresser Indus., 628 F.2d 1368, 1372 (D.C. Cir. 1980) (en banc)); Volmar Distrib. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distrib., 152 F.R.D. at 39 (internal citations omitted).[1] "The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in

---

[1] That no indictment has yet been filed in the criminal case does not change the calculus. Indeed, the government has only delayed filing an indictment in the criminal case for the purpose of pre-indictment plea negotiations.

1

deferring it." Dresser Indus., 628 F.2d at 1376; see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("[T]he public interest in the criminal case is entitled to precedence over the civil litigant…."). Moreover, civil actions may be simplified once the criminal proceeding is concluded. See, e.g., United States v. Mellon Bank, 545 F.2d 869, 873 (3d Cir. 1976) (recognizing that "resolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case").

Here, a comparison of the complaints in the SEC and criminal cases makes clear that both actions relate to the same events and share overlapping allegations. Compare Dkt. No. 5 with 21 Mag. 7926, Dkt. No. 1. Given this substantial overlap, a stay of the SEC action is appropriate to protect Mr. Ruiz's Fifth Amendment privilege against self-incrimination. See Dresser Indus., supra at 1375-76. Indeed, from speaking with the SEC, I understand that there are already pending requests for accounting from Mr. Ruiz and discovery obligations in the SEC case (see also Dkt. No. 52 at ¶ 2.q.) – both of which potentially implicate his Fifth Amendment rights. Meanwhile, the parties in the criminal case are actively engaged in plea negotiations, which may have significant consequences for the SEC case. Therefore, the requested stay will enable the parties to complete those conversations without unduly prejudicing Mr. Ruiz.

Courts in the Southern District have regularly granted stays in civil cases when there are parallel criminal cases. See, e.g., SEC v. Penn, 225 F. Supp. 3d 225, 230 (S.D.N.Y. 2016) (noting Court granted stay in SEC matter pending outcome of related criminal case); SEC v. Kelly, 12 Cv. 6581 (LAK), Dkt. No. 13 (S.D.N.Y. Jan. 7, 2013) (staying "all proceedings in [the] action, including discovery…until completion of trial, or earlier termination, of the parallel criminal proceeding against Defendant"); SEC v. Cope et. al., 14 Cv. 7575 (DLC), Dkt. No. 220 (S.D.N.Y. Jan. 19, 2016) (staying civil case against three defendants who were "pending… prosecution"); CFTC v. Thompson, 19 Cv. 9052 (LAP), Dkt. No. 11 (S.D.N.Y. Nov. 19, 2019) (staying CFTC case "until the conclusion of the parallel criminal case"); CFTC v. Spence, 21 Cv. 699 (JGK), Dkt. No. 23 (S.D.N.Y. May 26, 2021) (staying civil case because "pursuing [it] would place the defendant in a difficult position in connection with his right to invoke his Fifth Amendment privilege and the disposition of the criminal case may well have dispositive consequences for this civil case").

For all of these reasons, we ask for a stay of the SEC proceeding. Thank you for your consideration.

Respectfully submitted,

/s/
Sylvie Levine
Federal Defenders of New York
212-417-8729


cc: Kiersten Fletcher, United States Attorney's Office, SDNY
 Kenneth Stalzer, Stephen McKenna, Gregory Kasper, Securities and Exchange Commission
 Erwin Shustak, Shustak Reynolds & Partners