UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>MARTIN ADRIAN RUIZ, RAM FUND, LP, and CARTER BAIN WEALTH MANAGEMENT, LLC,<br><br>Defendants, and<br><br>ROTHSCHILD MAGNUS FUND, LP, ISG CAPITAL LLC, and MISTER FARMS, LLC,<br><br>Relief Defendants. | 21-cv-6622 (LJL)<br>ECF CASE<br><br>FINAL DEFAULT JUDGMENT AS TO DEFENDANTS MARTIN A. RUIZ AND RAM FUND, LP AND RELIEF DEFENDANT MISTER FARMS, LLC |

**WHEREAS**, this matter came before the Court on Plaintiff United States Securities and Exchange Commission's motion for final judgment by default against Defendants Martin A. Ruiz ("Ruiz") and RAM Fund, LP ("RAM") ("Defendants") and Relief Defendant Mister Farms, LLC ("Relief Defendant") (collectively, "Default Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Rule 55.2(b), and this Court's Individual Practices in Civil Cases § 3.E and Attachment A;

**WHEREAS**, the Complaint and Summons in this action were properly served on the Default Defendants between August 19 and August 20, 2021;

**WHEREAS**, the deadline for the Default Defendants to answer or otherwise respond to the Complaint—following an extension of time and various stays due to a parallel criminal proceeding—was April 7, 2022;

1

**WHEREAS**, none of the Default Defendants answered or otherwise responded to the Complaint by April 7, 2022, or at any time;

**WHEREAS**, Clerk of Court entered Certificates of Default as to the Default Defendants on April 13. 2022, ECF Nos. 85, 86, 89;

**WHEREAS**, Plaintiff has filed a motion for final judgment by default and materials in support, in compliance with Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2(b), and section 3.E and Attachment A of this Court's Individual Practices in Civil Cases;

**WHEREAS**, Plaintiff has served the motion for final judgment by default and supporting papers and filed proof of such service on the docket;

**NOW THEREFORE**, for good cause shown,

**IT HIS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motion for default judgment as to the Default Defendants is **GRANTED**;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, as follows:

**I.    DEFENDANTS ARE PERMANENTLY ENJOINED FROM VIOLATING SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER**

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

In addition, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph, including its subsections, also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II. DEFENDANTS ARE PERMANENTLY ENJOINED FROM VIOLATING SECTION 17(a) OF THE SECURITIES ACT

Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

In addition, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III. DEFENDANT RUIZ IS PERMANENTLY ENJOINED FROM VIOLATING SECTION 206 OF THE INVESTMENT ADVISERS ACT

Defendant Ruiz is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), (2)] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

In addition, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Defendant Ruiz.

### IV. DEFENDANT RUIZ IS PERMANENTLY ENJOINED FROM CERTAIN CONDUCT

Pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Ruiz is permanently restrained and enjoined from: (1) directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant Ruiz from purchasing or selling securities for his own personal account or on behalf of immediate family members who give him permission to do so; (2) directly

4

or indirectly, exercising any discretionary authority granted to him, or to any entity owned or controlled by him, with respect to any account in the name of any person or entity other than himself or an immediate family member who gave him permission to exercise such authority; and (3) directly or indirectly, including, but not limited to, through any entity owned or controlled by him, causing any assets or funds in any account in the name of any person or entity other than himself to be withdrawn, transferred, pledged, or encumbered.

In addition, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: other persons in active concert or participation with Defendant Ruiz.

## V.   DISGORGEMENT AND PREJUDGMENT INTEREST

Defendants Ruiz and RAM are liable, jointly and severally, for disgorgement of $9,170,276, representing profits gained as a result of the conduct alleged in the Complaint, and, inclusive of that amount, Relief Defendant Mister Farms is liable, jointly and severally, with Defendant Ruiz, for disgorgement in the amount of $1,257,200. Ruiz and RAM are liable, jointly and severally, for $1,482,029 in prejudgment interest. Default Defendants' disgorgement and prejudgment interest liability shall be deemed satisfied by the order of restitution entered in *United States v. Martin Ruiz*, Crim. No. 1:21-cr-00695-VSB (S.D.N.Y.).

## VI.   RELINQUISHMENT OF ASSETS

Default Defendants shall give up all right, title, and interest in all assets held in bank, brokerage, or other financial accounts ("Liquid Assets"), including those assets frozen pursuant to this Court's August 9, 2021 Temporary Restraining Order Freezing Assets and Providing for Other Ancillary Relief, and Order Setting Preliminary Injunction Hearing (ECF No. 37); such assets shall be remitted to the Clerk of the U.S. District Court for the Southern District of New York; and such assets shall be available to be used to satisfy the order of restitution entered in

*United States v. Martin Ruiz*, Crim. No. 1:21-cr-00695-VSB (S.D.N.Y.). Those assets include, without limitation:

| Institution | Account Owner | Acct. Ending in: |
|---|---|---|
| **JP Morgan Chase Bank, N.A.** | **Martin A. Ruiz** | 6739 (Checking) |
| **JP Morgan Chase Bank, N.A.** | **Martin A. Ruiz** | 0251 (Savings) |
| **Citibank, N.A.** | **Martin A. Ruiz** | Checking |
| **Citibank, N.A.** | **Martin A. Ruiz** | Money Market |
| **Citibank, N.A.** | **RAM FUND, LP** | 4491 (Business Checking) |
| **Citibank, N.A.** | **RAM FUND, LP** | 9407 (Business Savings) |
| **Bank of the West** | **Mister Farms, LLC** | 4545 |

Any person or institution holding any Liquid Assets shall remit all proceeds from those assets to the Clerk for the U.S. District Court for the Southern District of New York. Certified Checks or Money Orders shall be made payable to Clerk of Court-SDNY and mailed to:

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street, Room 120
New York, NY 10007

Persons or entities wishing to send registry deposits to the court via wire transfer must first contact the court's Finance Department at (212) 805-0600 or via email to

nysdml_financeadmin@nysd.uscourts.gov.

The following information shall be included on each check or wire:

Name of Defendant: Martin A. Ruiz

Court Number: 21-cr-00695-VSB

### VII. NON-DISCHARGEABLE DEBUT UNDER BANKRUPTCY CODE

For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Ruiz, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Ruiz under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Ruiz of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### VIII. DISMISSAL OF DEFENDANT CARTER BAIN WEALTH MANAGEMENT, LLC AND RELIEF DEFENDANTS ISG CAPITAL LLC AND ROTHSCHILD MAGNUS FUND, LP

The claims against Defendant Carter Bain Wealth Management, LLC and Relief Defendants ISG Capital, LLC and Rothschild Magnus Fund, LP in this matter have been dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) upon the filing of the SEC's notice of dismissal.

### IX. CONTINUING JURISDICTION

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 26, 2023

BY THE COURT:

Lewis J. Lyman
United States District Judge